NOT DESIGNATED FOR PUBLICATION

No. 119,585

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CAPITOL FEDERAL SAVINGS BANK,
*Appellee*,

v.

SAMUEL FIELDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Opinion filed April 3, 2020. Affirmed.

*Samuel W. Fields*, appellant pro se.

*James B. Biggs*, of Cavanaugh, Biggs & Lemon, P.A., of Topeka, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM: This is an appeal of a mortgage foreclosure action. Having reviewed the record on appeal, the district judge's oral findings made on December 4, 2017, the journal entry of judgment filed on February 12, 2018, and the parties' appellate briefs, we hold: The case is affirmed pursuant to Supreme Court Rule 7.042(b)(2), (3), (5), and (6) (2019 Kan. S. Ct. R. 48) because no reversible error of law appears and the appeal is without merit, the findings of fact of the district court are supported by substantial competent evidence, the opinions or findings of fact and conclusions of law of the district court adequately explain the decision, and the district court did not abuse its discretion.

1

As discussed later, we also affirm the district court's judgment due to Fields' failure to comply with our appellate rules which has resulted in the waiver or abandonment of his appellate arguments. Upon this alternative procedural basis, we also affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Capitol Federal Savings Bank (Capital Federal) initiated mortgage foreclosure proceedings against Samuel Fields asserting that he had defaulted on his real estate loan that was executed in 2003. At the time of the claimed default, Fields owed $106,635.53 on the principal, plus interest. Fields defended this action on the basis that the mortgage loan was never valid because he did not sign the promissory note.

Capitol Federal filed a motion for summary judgment. It asserted that a holder of a promissory note is entitled to summary judgment when the note has matured, the principal and interest is unpaid, the note has been produced, and the defendant has admitted to his or her signature on the promissory note.

Fields argued that the summary judgment motion should be denied because he had not admitted to signing the promissory note. While Fields acknowledged that the promissory note was executed on August 8, 2003, he alleged that a Capitol Federal associate forged his signature.

The district court denied Capitol Federal's summary judgment motion finding there was a material dispute of fact as to whether it was truly Fields' signature on the promissory note.

The district court held a bench trial where the sole issue was whether Fields signed the promissory note. At all times throughout the proceedings, Fields agreed that Capitol

2

Federal issued him the loan in the agreed-upon amount and that he received the loan payout. Moreover, Fields admitted to signing the mortgage and the service rider but claimed that he never signed the promissory note.

On December 4, 2017, the district court orally granted judgment in favor of Capitol Federal finding it had met the elements of a mortgage foreclosure action and that Fields signed the promissory note. The district judge ruled:

> "I [am going] to note that the testimony of the defendant that I heard at trial, and the arguments of the defendant raised in writing are rejected. I do not find any persuasive value or credibility with regard to those arguments or the testimony of the defendant. I find that, I find that those statements are without credibility based on the weight of the evidence on the other side, and I am going to make findings or conclusions of law that the plaintiff has established all of the necessary elements for the judgment, for judgment on the note and foreclosure of its mortgage. That the plaintiff is the owner and the holder of the promissory note and mortgage. The promissory note and mortgage are in default. Demand has been made, but the defendant has failed to pay. Specifically, the plaintiff has established the elements, again, that the defendant signed the promissory note secured by a mortgage; the plaintiff is the valid holder of the note and mortgage; and the defendant has defaulted."

The district court subsequently filed an eight-page journal entry of default granting judgment in favor of Capitol Federal and making detailed findings of fact and conclusions of law.

Fields filed a timely notice of appeal of the mortgage foreclosure judgment. The district court subsequently ordered a sheriff's sale of the property. On October 18, 2018, the property sold, the redemption period expired, and a sheriff's deed to the property was issued to Capitol Federal.

3

FAILURE TO COMPLY WITH THE RULES OF APPELLATE PROCEDURE

In addition to our affirmance pursuant to Supreme Court Rule 7.042(b)(2), (3), (5), and (6), we additionally affirm the district court's judgment because of Field's failure to comply with the Rules of Appellate Procedure regarding the form and content of his appellant's brief.

First, Supreme Court Rule 6.02(a)(3) (2019 Kan. S. Ct. R. 35) requires that an appellant's brief contain "[a] brief statement, *without elaboration*, of the issues to be decided in the appeal." (Emphasis added.) Fields' brief asserted six issues, but each issue was identified by a number and did not contain a brief statement or heading. Instead, Fields provided a paragraph explaining the issues for which he sought our review. Even with the paragraph explanation, Fields does not clearly identify the issues he attempts to raise. The issue statements do not comply with Supreme Court Rule 6.02(a)(3).

Second, Supreme Court Rule 6.02(a)(4) requires that an appellant's brief must contain a "concise but complete statement, *without argument*, of the facts that are material to determining the issues to be decided in the appeal. The facts included in the statement must be keyed to the record on appeal by volume and page number." (Emphasis added.)

Fields' brief does not have a "factual statement" section but has an 18-page "nature of the case" section. Fields attempted to provide a procedural history of the case in this section, however, the section consisted of numerous argumentative assertions and limited facts. For example, Fields provided statements such as: "Judge Sanders prejudiced Appellant because he did not specify exactly why the court chose to impeach Appellant[']s expert witness" and "Appellant argues Judge Hanley restricted evidence where it was unspecified as to exactly what evidence is being restricted." Of the few

4

factual statements Fields provided, only a few contain citations to the record on appeal. This factual statement does not comply with Supreme Court Rule 6.02(a)(4).

Third, Supreme Court Rule 6.02(a)(5) requires that an appellant's brief contain "[t]he arguments and *authorities* relied on." (Emphasis added.) Fields' brief does not contain an arguments section, rather, he presented his argument in the "nature of the case" section and the "statement of the issues" section. Although Fields' brief is 30 pages in length, Fields does not cite to any legal authority in support of his arguments or provide a standard of review for any of the issues. As a result, Fields' brief lacks legal authority in support of his arguments in violation of Supreme Court Rule 6.02(a)(5).

Fields' failure to follow the appellate rules is consequential. It is well settled that "[o]n appeal, error below is never presumed and the burden is on the appellant to make it affirmatively appear." *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, Syl. ¶ 8, 647 P.2d 1268 (1982). "Therefore, an argument that is not supported with pertinent authority is deemed waived and abandoned. [Citations omitted.]" *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013).

Considered in its totality, Fields' failure to comply with our appellate rules has resulted in the waiver or abandonment of his appellate arguments. Upon this alternative procedural basis, we also affirm the district court's judgment.

Affirmed.